**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-7607**

JOHN ALEXANDER WAGNER,

Plaintiff - Appellant,

v.

BRIAN G. IAMES; DEAN W. ROUNDS, SR.; CODY W. GILPIN; WARREN G. MALLOW; FRANK B. BISHOP, JR.; CHRISTOPHER ANDERSON; NICHOLAS J. SOLTAS; COREY A. DOLLEY; EARL RITCHIE; BRANDON SELF,

Defendants - Appellees,

and

BRADLEY A. WILT; NP JANETTE CLARK,

Defendants.

Appeal from the United States District Court for the District of Maryland, at Baltimore. Ellen L. Hollander, District Judge.  (1:16-cv-00098-ELH)

Submitted:  October 24, 2018                    Decided:  November 5, 2018

Before KING and KEENAN, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Dismissed by unpublished per curiam opinion.

John Alexander Wagner, Appellant Pro Se.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

John Alexander Wagner, a Maryland inmate, seeks to appeal the portion of the district court's order granting summary judgment to one of the Defendants named in his 42 U.S.C. § 1983 (2012) complaint. We ordered a limited remand to the district court for a determination of whether Wagner's notice of appeal was timely filed with prison officials, as the record before us did not conclusively reveal when Wagner delivered the notice of appeal to prison officials for mailing. *Wagner v. Iames*, 717 F. App'x 367 (4th Cir. 2018); *see* Fed. R. App. P. 4(c)(1); *Houston v. Lack*, 487 U.S. 266, 276 (1988) (establishing prison mailbox rule).

Parties are accorded 30 days after the entry of the district court's final judgment or order to note an appeal, Fed. R. App. P. 4(a)(1)(A), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5), or reopens the appeal period under Fed. R. App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007). The district court's final order was entered on the docket on June 29, 2017. On remand, the district court, after reviewing submissions from the parties, found that Wagner did not file a timely notice of appeal within the designated time period and in accordance with Rule 4(c)(1).

We review the district court's factual findings for clear error. Fed. R. Civ. P. 52(a)(6); *see Ray v. Clements*, 700 F.3d 993, 1012 (7th Cir. 2012) (applying clear error review to district court's factual findings in prison mailbox rule determination). A finding is "clearly erroneous" when the reviewing court "is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City*, 470

3

U.S. 564, 573 (1985) (internal quotation marks omitted). Because the district court did not clearly err in concluding that Wagner's notice of appeal was untimely, and because Wagner failed to obtain an extension or reopening of the appeal period, we dismiss the appeal for lack of jurisdiction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*